UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------x

CHANDER KANT,

                              Plaintiff,                      Civ. 00-5204 (WHW)

            -against-

SETON HALL UNIVERSITY,

                              Defendant.

-----------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS APPLICATION FOR
## ATTORNEYS' FEES AND COSTS

                              KOUSOULAS & ASSOCIATES P.C.
                              *Attorneys for Plaintiff*
                              41 Madison Avenue, 40th Floor
                              New York, New York 10010
                              212-509-2566

Antonia Kousoulas,
      of counsel

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x

CHANDER KANT,

                                        Plaintiff,                    Civ. 00-5204 (WHW)

        -against-

SETON HALL UNIVERSITY,

                                        Defendant.

-----------------------------------------------------------------------x


PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS APPLICATION FOR
ATTORNEYS' FEES AND COSTS


PRELIMINARY STATEMENT

Plaintiff , an Associate Professor at Seton Hall University, brought this action pursuant to

Title VII of the Civil Rights Act of 1964, alleging that he was discriminated against on the basis of

his national origin (Indian), and subjected to retaliation because he had complained of discriminatory

treatment.  Specifically, plaintiff alleged that his 1998 application for promotion to full professor was

denied in retaliation for filing and pursuing his discrimination grievances.  Plaintiff's discrimination

claims were dismissed after defendant's filed a summary judgment motion, and his retaliation claim

proceeded to trial.   The jury trial, which commenced  on March 28, 2006 and ended on April 4,

2006, resulted in a verdict in favor of  plaintiff's claim of retaliation pursuant to Title VII of the Civil

1

Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.   Plaintiff was awarded damages in the amount of $80,000.00.  Plaintiff now moves for an Order awarding him his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k), Rule 54(d) (2) of the Federal Rules of Civil Procedure and Rule 54.2 of the Local Civil Rules.

## ARGUMENT

### AS THE PREVAILING PARTY IN THIS RETALIATION ACTION BROUGHT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, PLAINTIFF SHOULD BE AWARDED HIS REASONABLE ATTORNEYS' FEES

As the prevailing party in this Title VII action, plaintiff may recover attorneys' fees from the defendant pursuant to 42 U.S.C. §2000e-5(k), which permits the Court "in its discretion, [to] allow the prevailing party...a reasonable attorney's fee..as part of the costs" of the action.  The formula for calculating attorneys' fees is the "lodestar" method.  Under this method, the Court makes an "initial calculation of a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate".  See Duke v. County of Nassau, 2003 U.S. Dist. LEXIS 266536 (S.D.N.Y. April 14, 2003) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Le-Blanc-Sternberg v. Fletcher, 143 F.3d 748, 763-64 (2d Cir. 1998); Luciano v. Olsten Corp., 109 F.3 111 (2d Cir. 1997).

Generally, the hourly rate requested by a prevailing party's attorney's should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." Blum v. Stenson, 465 U.S. 886, 896 (1984); Student Public Interest Group v. AT&T Bell Labs, 842 F.2d 1436, 1448 (3rd Cir. 1989).  In the Third Circuit, the rate that is used

2

to calculate the lodestar amount is based on the attorneys' current rates, as this compensates the attorneys for delay in payment. Lanni v. State of New Jersey, 259 F.3d 146, 159 (3d Cir. 2001).

As fully set forth in the Affidavit of Antonia Kousoulas and Declaration of Bonnie Mussman, and all exhibits annexed thereto, including the contemporaneous billing records, plaintiff seeks to recover $140,052.75 as his reasonable attorneys' fees based on the hourly rate of $325.00, which is the market value for the services performed by Antonia Kousoulas and Bonnie Mussman in this action. Based upon Ms. Kousoulas and Ms. Mussman's years of experience in employment discrimination, the hourly fee of $325.00 is well within the range for attorneys with comparable experience. See Marisol v. Giuliani, 111 F. Supp.2d 381 (S.D.N.Y. 2000); Shannon v. Fireman's Fund Ins. Co., 156 F. Supp.2d 279 (S.D.N.Y. 2001). As set forth in the Certification of Jonathan I. Nirenberg, dated April 17, 2006 and attached to the Affidavit of Antonia Kousoulas as Exhibit "12," partners with more than 15 years experience in employment/discrimination law in the State of New Jersey generally charge between $300 and $400 per hour, and the hourly rate of $325.00 is well within that range. See also Declaration of Rebecca Northey, Kousoulas Affidavit Exhibit "14."

The hours expended by Ms. Kousoulas and Ms. Mussman with regard to the prosecution of this civil rights action are reasonable, in view of the fact that plaintiff ultimately prevailed on his retaliation claim and received damages ($80,000) that were well within the range of his expected recovery. Although this Court dismissed plaintiff's national origin discrimination claims at the summary judgment level, the work expended on behalf of plaintiff's retaliation claim was "inextricably intertwined" with his claims of national origin discrimination. Accordingly, plaintiff's attorneys' fees that were incurred before the summary judgment decision should not be reduced. See Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996); Parrish v. Sollecito, 280

3

F.Supp.2d 145 (S.D.N.Y. 2003) (District Courts have regularly found that unsuccessful discrimination claims "are sufficiently related to retaliation claims to warrant inclusion of time spent on both claims in awarding attorneys' fees").   In this action, the fact that all of the witnesses who were deposed in connection with both the discrimination and retaliation claims, were called as witnesses at trial further evinces that the retaliation claims were sufficiently related to the dismissed discrimination claims.   Moreover, as the Supreme Court stated in Hensley v. Eckerhart, 461 U.S. 424 (1983), "[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit...Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."

In this action, plaintiff prevailed on his claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, after extensive discovery, motion practice and a six day jury trial. The jury award of $80,000.00 in compensatory damages was well within the expected range of recovery in this action.    The hourly rate of $325.00 sought for the work performed by Ms. Kousoulas and  Ms. Mussman is in line with the rates prevailing in New Jersey for similar services by lawyers of comparable skill, experience and reputation.   Accordingly, plaintiff respectfully requests that this Court award him $140,052.75 for his reasonable attorneys fees.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court grant him costs necessarily incurred in this action; and award him his reasonable attorneys' fees in the amount of $140,052.75, together with any further relief that his Court deems just and proper.


Dated: New York, New York
      April 18, 2006

          KOUSOULAS & ASSOCIATES P.C.
          *Attorneys for Plaintiff*
          41 Madison Avenue, 40th Floor
          New York, New York 10010
          212-509-2566

By: _____
          ANTONIA KOUSOULAS (AK8701)

5

# DECLARATION OF SERVICE ON ATTORNEY BY MAIL - FEDERAL COURT

*EXPRESS*

I, ........................ *Antonia Kousoulas* ........................ , declare, pursuant of 28 U.S.C. §1746, under the penalty of perjury

that on    *April 18,*    , 19    , I served the    *Plaintiff's memorandum*    upon    *Howard B. Mankoff, Esq.  Marshall Dennehey*
              *2006*                    annexed    *of law in support of his*                         *Warner Coleman & Goggin*
                                                   *application for attorneys'*
                                                   *fees and costs*
   ........................    ............    ........................    ........................

the attorney                        *Defendant*                        herein, by depositing a copy of the same, enclosed in a first class
for    ........................

postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal

*Federal Express*

Service, within the State of New York, directed to the said attorney    *425 Eagle Rock Avenue, Suite 302, Roseland, New Jersey 07068*
at    ........................

being the address designated by said attorney for that purpose.

Executed on:                        , 19
              *April 18,*
              *2006*
   ........................    ............                        ........................

*New York, New York*                                              ........................

                                                   *Antonia Kousoulas & Associates, New York*