UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x

CHANDER KANT,

                               Plaintiff,                Civ. 00-5204 (WHW)

        -against-

SETON HALL UNIVERSITY,

                               Defendant.

------------------------------------------------------------------------x


MEMORANDUM OF LAW
IN SUPPORT OF KOUSOULAS & ASSOCIATES'
MOTION TO INTEVENE PURSUANT TO FED. R. CIV. P. 24(a)


                               KOUSOULAS & ASSOCIATES P.C.
                               41 Madison Avenue, 40th Floor
                               New York, New York 10010
                               212-509-2566


Antonia Kousoulas,
    of counsel

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x

CHANDER KANT,

                                        Plaintiff,                     Civ. 00-5204 (WHW)

        -against-


SETON HALL UNIVERSITY,

                                        Defendant.

------------------------------------------------------------------------x


MEMORANDUM OF LAW
IN SUPPORT OF KOUSOULAS & ASSOCIATES'
MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(a)

PRELIMINARY STATEMENT

        Plaintiff , an Associate Professor at Seton Hall University, brought this action pursuant to

Title VII of the Civil Rights Act of 1964, alleging that he was discriminated against on the basis of

his national origin (Indian), and subjected to retaliation because he had complained of discriminatory

treatment.   In response to defendant's motion for summary judgment, plaintiff's discrimination

claims were dismissed.  Plaintiff's retaliation claim, that he was denied promotion to full professor

in retaliation for complaining about national origin discrimination, proceeded to trial. The jury trial,

which commenced  on March 28, 2006 and ended on April 4, 2006, resulted in a verdict in favor of

plaintiff's claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e et seq.   Plaintiff was awarded damages in the amount of $80,000.00.  Judgment in

plaintiff's favor was entered on April 11, 2006.

1

On April 18, 2006, as plaintiff's counsel, Kousoulas & Associates P.C. ("the firm") timely moved for an Order awarding plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5(k), Rule 54(d) (2) of the Federal Rules of Civil Procedure and Rule 54.2 of the Local Civil Rules.  On April 20, 2006, as plaintiff's counsel, the firm timely moved for an Order pursuant to Rule 59(c) of the Federal Rules of Civil Procedure amending the judgment of $80,000.00 to include prejudgment interest on plaintiff's back pay and compensatory damages award.  Both motions are pending before this Court.

On April 25, 2006, after judgment had been entered in this action, and after plaintiff's attorneys' fees application and  motion for pre-judgment interest had been filed, plaintiff discharged Kousoulas & Associates P.C. and Antonia Kousoulas as his attorneys and filed, pro se,  a second motion to amend the judgment.  On April 26, 2006, defendant moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure on the ground that the evidence adduced at trial was insufficient as a matter of law to establish that retaliatory animus was a determinative factor in the denial of plaintiff's 1998 application for promotion to full professor.  In the alternative, defendant moved for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure on the ground that this Court improperly excluded evidence of plaintiff's three previous applications for promotion and "the negative votes on each one of them by a plurality of evaluators across the University." [Defendant's Brief p. 11].  Defendant's motion is currently pending before the Court.

By letter dated April 28, 2006, Antonia Kousoulas requested a conference before the Honorable William H. Walls to address the pending motions, questions regarding the firm's representation of plaintiff with regard to the pending motions, and the firm's intent to move to

2

intervene pursuant to Federal Rule of Civil Procedure 24(a).  At a conference before the Hon. William H. Walls held May 1, 2006,  Judge Walls scheduled June 26, 2006 as the return date of the motion to intervene.    Kousoulas & Associates P.C. and Antonia Kousoulas now move  pursuant to Federal Rule of Civil Procedure 24(a) for an order permitting the firm to intervene in this action, for the purpose of opposing defendants' motion for judgment as a matter of law, or in the alternative a new trial; and for the purpose of defending its attorneys' fees application, submitted on behalf of plaintiff and  upon which it has asserted an attorneys' lien pursuant to the terms of its retainer agreement with plaintiff.

## ARGUMENT

KOUSOULAS & ASSOCIATES HAS A SUFFICIENT
INTEREST IN THIS LITIGATION TO WARRANT
INTERVENTION UNDER FED. R. CIV. P. 24(a)

Legal Standard

Federal Rule of Civil Procedure 24(a) provides in pertinent part:

"Upon timely application anyone shall be permitted to intervene in an action...(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties."

The Third Circuit has interpreted Rule 24(a)(2) to require proof of four elements from the applicant seeking to intervene as of right: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the Disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." Kleissler v. United States

Forest Service, 157 F.3d 964 (3ʳᵈ Cir. 1998) (citations omitted).

Argument

For the reasons set forth below, the firm has satisfied the standards to intervene in this action pursuant to Fed. R. Civ. P. 24(a). First, This application to intervene pursuant to Rule 24(a)(2) is timely. On April 28, 2006, within three days of being notified of the termination of the firm as plaintiff's counsel, Antonia Kousoulas wrote to the Court asserting a lien as per the terms of the retainer agreement and noticed the firm's intention to intervene pursuant to Rule 24(a). This was reiterated by Antonia Kousoulas this during the conference held on May 1, 2006 before the Honorable William H. Walls, who permitted the firm to defend the pending attorneys' fees application as intervenors and scheduled June 26, 2006 as the return date of the Rule 24(a) motion. Because no decisions have been made with regard to any of the post-trial motions, this application to intervene is timely.

Second, Kousoulas & Associates P.C., Bonnie Mussman, who served as of counsel to our firm at trial, and Antonia Kousoulas have sufficient interests in the litigation. Afer filing the complaint in this action, plaintiff retained this firm and Antonia Kousoulas on February 23, 2001, to represent him with regard to his pending discrimination and retaliation claims against Seton Hall University. The firm represented plaintiff from discovery through trial in this action, resulting in a verdict and judgment in plaintiff's favor. Pursuant to the terms of the retainer agreement, attached to the Declaration of Antonia Kousoulas as Exhibit A, plaintiff agreed to pay the firm a maximum of $15,000.00 plus "twenty percent (20%) of the sum recovered, whether recovered by suit, settlement or otherwise, or any legal fees awarded to me by the Court, whichever is greater." In plaintiff's attorneys' fees application, the firm is seeking to recover $143,384.00 for legal services

4

rendered on behalf of plaintiff in this action.  While there is a question as to whether the attorneys'

fees are awarded to plaintiff or his former counsel, as per the terms of the retainer agreement, the

firm has asserted a lien on either 20 percent of plaintiff's recovery, either by way of settlement or

judgment, or the attorneys fees awarded by the Court, whichever is greater.

The plain language of N.J.S.A. §2A:13-5 provides that an attorney who appears for a party

instituting or maintaining an action, "shall have a lien for compensation, upon his client's action,

cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict,

report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in

whosesoever hands they may come.  The lien shall not be affected by any settlement between the

parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a

judgment on the record."  The statute further provides that "The Court in which the action or other

proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and

enforce the lien." N.J.S.A. §2!:13-5.  See also Novinger v. E.I. Dupont De Nemours & Co. Inc., 809

F.2d 212 (3rd Cir. 1987)  (federal courts have ancillary jurisdiction of disputes over attorneys' fees,

as "without it the federal court neither could dispose of the principal case nor do complete justice

in the dispute that is before the tribunal").

The issue of whether an attorneys' lien represents sufficient interest for the purposes of

satisfying the requirements of Fed. R. Civ. P. 24(a) were first addressed by the Fifth Circuit.  In

Gaines v. Dixie Carriers Inc., 434 F.2d 52 (5th Cir. 1970), plaintiff discharged the law firm that had

represented him pursuant to a contingency fee contract that provided for one-third recovery by the

law firm of all amounts collected by settlement; forty percent of any judgment obtained; and fifty

percent of judgment after appeal.  The law firm sought to intervene in the action between plaintiff

and defendant in order to protect its claim interest in attorneys' fees.  The District Court denied the

former law firm's motion to intervene.  On appeal, the Fifth Circuit reversed and held the following:

"We think it is clear that the appellant law firm here claimed an interest in the subject of the action

against [defendant] and is so situated that the final disposition of the action may as a practical matter

impair or impede its ability to protect that interest.  Neither of the existing parties is concerned with

protecting the appellant's interest."  Gaines at 53.  Similarly, in Gilbert v. Johnson, 601 F.2d 761,

(5th Cir. 1979) cert' denied, Gilbert v. Cleland,  U.S. 961 (1980), the Fifth Circuit permitted

plaintiff's former counsel to intervene to protect his interests for a fee covering legal services

rendered to plaintiff.

The Third Circuit has followed the Fifth Circuit in holding that an attorneys' lien is grounds

for intervention under Federal Rule of Civil Procedure 24(a).  In Mountain Top Condominium

Association v. Dave Stabbert Master Builder, Inc., 72 F.3d 361 (3d Cir. 1995), the Third Circuit, in

holding that "while a mere economic interest may be insufficient to support the right to intervene,

an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that

fund" cited  Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (5th Cir. 1970) in as an example where the

intervenor law firm's interest in its contingency fee was an interest in a specific fund sufficient to

entitle intervention.

Third, in this action, there is a  threat that the interest in the firm's right to recover attorneys'

fees for legal services rendered to plaintiff, whether by way of Court awarded attorneys' fees or

pursuant to the contingency fee arrangement, will be impaired or affected, as a practical matter, by

the disposition of the action in defendant's favor.  Although plaintiff has indicated that he is

attempting to locate counsel to respond to defendant's motions for judgment as a matter of law or

6

for a new trial, he is currently proceeding pro se and, in view of the actions that he has undertaken after the trial in this action, there is serious concern that he would not be able to adequately defend the verdict that was rendered in his favor.   Furthermore, as plaintiff's trial attorneys, the firm's attorneys would be in a better position to defend the verdict.   For example, this Court excluded certain evidence regarding plaintiff's prior applications for promotion in response to our motion <u>in</u> <u>limine</u> to exclude this evidence under Rules 402 and 403 of Federal Rule of Evidence.   Defendants are now seeking a new trial to include evidence of plaintiff's three previous applications for promotions and the negative votes on each one, by individuals (other than Dr. John Dall) who were not involved in the decision to deny plaintiff's 1998 application for promotion.   Because Dr. Kant had asserted that his previous applications had been denied for impermissible reasons under Title VII of the Civil Rights Act of 1964, evidence of the prior determinations would have led to "mini-trials" resulting in confusion of the issues before the jury and unfair prejudice to plaintiff.   While plaintiff was actively involved in decisions  regarding litigation strategy and the applications that were made before, during and after the trial until we were discharged on April 25, 2006, the favorable verdict was the result of his former attorneys' efforts and advocacy.   A disposition in defendant's favor, especially if the firm were not allowed to intervene to protect the verdict and favorable judgment, would undermine those efforts and impair the firm's ability to recover attorneys' fees that are contingent on the favorable verdict.

Finally, there is inadequate representation of the firm's interests by existing parties to the litigation.   First, defendant is seeking judgment as a matter of law, or in the alternative a new trial to include evidence that would be highly prejudicial to plaintiff.   Any application that would undermine the favorable plaintiff's verdict would be contrary to the firm's interests.   Second, while

7

plaintiff is seemingly pleased about the favorable verdict, and notwithstanding his pro se post trial motions to augment the amount of the judgment, it is questionable whether, in the absence of counsel, he would adequately defend that verdict. Third, as evinced by plaintiff's attempts to undermine his own fees application, it is clear that there is inadequate representation of the firm's interests in recovering statutory attorneys fees awarded to the prevailing party, based on the retainer agreement with plaintiff.

While Soliman v. Ebasco Services Inc., 822 F.2d 320 (2d Cir. 1987), upon which plaintiff relied in support of his request for an adjournment of the attorneys' fees application, states that plaintiff, as the prevailing party would be entitled to the attorneys' fees, the Court qualified that by stating: "The goal of the [Title VII provision for attorneys' fees] is to encourage plaintiffs to bring meritorious suits by providing them a source of funds for retaining competent counsel. Whether those attorney's fees that are awarded ultimately end up in the lawyer's or client's hands depends, of course, on the private fee arrangements entered into between them when representation is undertaken." (Citations omitted). Clearly then, the purpose of the attorneys' fees provision of 42 U.S.C. §2000e-(k) is to permit plaintiffs with meritorious claims to retain counsel, and not to undermine their own fees' applications, presumably sought to retain competent counsel, to gain leverage in settlement negotiations of separate matters for which counsel was not retained and upon which plaintiff did not prevail. See Boyadjian v. Cigna Companies, 973 F. Supp. 500 (D.N.J. 1997); Pitts v. Vaughn, 697 F.2d 311, 313 (3rd Cir. 1982) (Congress "did not intend to award non-lawyer, pro se litigants and equivalent of attorney's fees. Instead, Congress was concerned with reimbursing prevailing parties for actual expenses of representation by an attorney because it recognized that attorney's fees awards are often essential to enable private citizens to their civil rights in courts").

More importantly, the Third Circuit has distinguished the Second Circuit's position in Soliman or otherwise rendered decisions that appear to support the position that former counsel have standing to pursue their own fees' applications.  See Mayberry v. Walters, 862 F.2d 1040 (3rd Cir. 1988) (counsel who withdraws prior to trial has standing to pursue a fees application under 42 U.S.C. §1988 and is entitled to reasonable compensation services while acting as plaintiff's counsel); Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 165 (3rd Cir. 1973) (under equitable fund doctrine, cause of action for award of attorneys' fees accrues to attorney); Bollitier v. International Brotherhood of Teamsters, 735 F. Supp. 623 (D.N.J. 1989) (former attorney who withdrew from the litigation on his own motion has standing to seek an award of fees).  It is noteworthy that  in Bollitier v. International Brotherhood of Teamsters, 735 F. Supp.623 (D.N.J. 1989), the District Court held that plaintiff's former attorney had standing to pursue his own fees application, notwithstanding the fact that plaintiff had launched an ethics complaint against his former counsel and took the position that he, and not his former counsel, should recover any and all fees.  Bollitier at fn.11.

As fully set forth above, plaintiff's actions to undermine his own attorneys' fees application, regardless of whether it is awarded to him as the prevailing party, subject to our retainer agreement and attorneys' lien, or it accrues directly to the firm, clearly evince that the firms' interests would not be adequately represented in this action unless it is permitted to intervene pursuant to Fed. R. Civ. P. 24(a).[1]

---

[1] The firm does not seek to intervene with regard to plaintiff's pro se post-trial motion to amend the judgment to include additional damages, and takes no position with regard to that application.

9

**CONCLUSION**

Based upon the foregoing, it is respectfully requested that this Court grant the application of Antonia Kousoulas and Kousoulas & Associates P.C. to intervene in this action, together with such other and further relief that this Court deems just and proper.

Dated: New York, New York
      May 31, 2006

                                      KOUSOULAS & ASSOCIATES P.C.
                                      41 Madison Avenue, 40th Floor
                                      New York, New York 10010
                                      212-509-2566

                                      By: _____
                                          ANTONIA KOUSOULAS (AK8701)

10

AND FACSIMILE

# DECLARATION OF SERVICE ON ATTORNEY BY MAIL - FEDERAL COURT

I, _____ *Antonia Kousoulas* _____ , declare, pursuant of 28 U.S.C. §1746, under the penalty of perjury

that on    *JUNE 1,*    , 19    , I served the    *MEMORANDUM OF*    upon    *Howard B. Mankoff, Esq.  Marshall Dennehey*
           *2006*                *annexed*           *LAW*                *Warner Coleman & Goggin*

the attorney                         *Defendant*                         herein, by depositing a copy of the same, enclosed in a first class
for   ..........................................................................................

postpaid  properly  addressed  wrapper,  in  a  post  office/official  depository  under  the  exclusive  care  and  custody  of  the  United  States  Postal

Service, within the State of New York, directed to the said attorney          *425 Eagle Rock Avenue, Suite 302, Roseland, New Jersey 07068*
at

being the address designated by said attorney for that purpose.

Executed on: _____ , 19
             *JUNE 1,*
             *2006*
           ...........................

New York, New York

Antonia Kousoulas & Associates, New York

**DECLARATION OF SERVICE ON ~~ATTORNEY~~ BY MAIL - FEDERAL COURT**

*PLAINTIFF PRO SE* *AND FACSIMILE*

I, ............... Antonia Kousoulas ............... , declare, pursuant of 28 U.S.C. §1746, under the penalty of perjury

that on ...... JUNE 1 ...... , 19 ...... , I served the ............... MEMORANDUM OF ............... upon ............... Chander Kant
............... 2006 ............... annexed ............... LAW ............... ...............

the ~~attorney~~ ............... Plaintiff pro se ............... herein, by depositing a copy of the same, enclosed in a first class
for ...............

postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal

Service, within the State of New York, directed to the said attorney ............... 19 Birchwood Drive, Short Hills, New Jersey 07078
at ...............

being the address designated by said attorney for that purpose.

Executed on: ............... , 19
............... JUNE 1, ...............
............... 2006 ............... ...............

New York, New York

............... ...............
............... ...............

Antonia Kousoulas & Associates, New York