UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x

CHANDER KANT,

                                          Plaintiff,              Civ. 00-5204 (WHW)

    -against-

SETON HALL UNIVERSITY,

                                          Defendant.

-----------------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF KOUSOULAS & ASSOCIATES' MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(a)

#### PRELIMINARY STATEMENT

This reply memorandum of law is being submitted on behalf of Kousoulas & Associates P.C. and Antonia Kousoulas (hereinafter referred to as "the firm" or "our firm") in further support of their motion pursuant to Federal Rule of Civil Procedure 24(a) for an order permitting the firm to intervene in this action, for the purpose of opposing defendants' motion for judgment as a matter of law, or in the alternative a new trial; and for the purpose of further supporting plaintiff's attorneys' fees application, upon which an attorneys' lien has been asserted pursuant to the terms of its retainer agreement with plaintiff.

1

**ARGUMENT**

THE INTERVENTION MOTION IS TIMELY AND
KOUSOULAS & ASSOCIATES HAS A SUFFICIENT
INTEREST IN THIS LITIGATION TO WARRANT
<u>INTERVENTION UNDER FED. R. CIV. P. 24(a)</u>

As set forth in the reply declaration of Antonia Kousoulas, the motion to intervene was raised by the firm within days of being discharged as plaintiff's attorneys and is therefore timely. Contrary to defendant's assertion, intervention motions may be granted even after the entry of a final decree or judgment. <u>Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361 (3rd Cir. 1995) (citing <u>SEC v. United States Realty & Improvement Co.</u>, 310 U.S. 434, 458-461 (1940); 7C Wright, Miller & Kane, Federal Practice & Procedure Section(s) 1916 at 20)). The timeliness of a motion to intervene should be determined by this Court based upon all the circumstances. In evaluating the timeliness of a motion to intervene, this Circuit has held that the point in which a suit has progressed is only one factor for consideration. Among the other factors are the reasons for any delay in moving to intervene and any prejudice that the delay in moving to intervene might cause to other parties. <u>In re: Fine Paper Antitrust Litigation</u>, 695 F.2d 494 (3rd Cir. 1982) (citations omitted). As set forth in the Declaration of Antonia Kousoulas, there was no delay in seeking to move to intervene in this action pursuant to Fed. R. Civ. P. 24 (a). Moreover, this firm seeks to intervene for the limited purpose of opposing defendant's motion for judgment as a matter of law, or in the alternative, for a new trial, and in further support of plaintiff's motion for attorneys' fees, upon which it has asserted a lien. To the extent this Court has already permitted this firm to file reply papers in further support of the attorneys' fees application, this Court may decide the pending application for attorneys' fees without first determining whether intervention is warranted.

Further, neither plaintiff nor defendant would be prejudiced by permitting this firm to intervene with regard to defending the verdict and judgment in favor of plaintiff, as this plaintiff has not yet responded to defendant's pending motion, which is returnable on July 24, 2006. In sum, there will be no further delays in this action with regard to the post-trial motions if this Court grants our firm's motion to intervene. Finally, because the purpose of firm's motion to intervene is solely related to post-trial motion practice, the fact that a judgment has already been entered should not and cannot be a determinative factor in this application.

This firm also has sufficient and identifiable interests in the litigation. Pursuant to the terms of the retainer agreement with plaintiff, this firm has an interest in the greater amount of a percentage of the judgment or settlement, or in the alternative, in the legal fees awarded to us by this Court. The interests are not speculative, as a judgment in the amount of $80,000.00 has already been entered, and in plaintiff's attorneys' fees application, this firm is seeking to recover $143,384.00 for legal services rendered on behalf of plaintiff in this action. See Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc., 72 F.3d 361 (3d Cir. 1995) ("while a mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund" (citing Gaines v. Dixie Carriers, Inc., 434 F.2d 52 (5th Cir. 1970)). Defendant's argument that intervention in this action is not warranted because there is no "fund" is unavailing. First, as plaintiff has now indicated, through his counsel, that he would not oppose the application of attorneys' fees pursuant to 42 U.S.C. §2000e-5(k), upon deciding the pending attorneys' fees motion, a specific "fund" upon which this firm has asserted a lien would be created. Second, to the extent this firm has an interest in a percentage of the recovery, the denial of defendant's motion would generate an alternative identifiable fund upon which our firm

3

has an interest.

In this action, there is a threat that the interest in our attorneys' fees, whether by way of Court awarded attorneys' fees or pursuant to the contingency fee arrangement, will be impaired or affected, as a practical matter, by the disposition of the action in defendant's favor. While plaintiff has now retained counsel for the purposes of supporting or opposing the various post-trial motions pending before this Court, the intervention motion is seeking to intervene for a very limited purpose to protect an interest that neither party, as evinced by their submissions to this Court, would protect. The limited intervention motion would not interfere with plaintiff's other post-trial motions or his right to advance legal theories and arguments on his own behalf. See Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361 (3rd Cir. 1995) ("Proposed intervenors need not have an interest in every aspect of litigation. They are entitled to intervene as to specific issues so long as their interest in those issues is significantly protectable").[1]

Should this Court deny our firm's motion to intervene in this action, it is respectfully requested that this Court render a decision on the pending attorneys' fees application and, at the conclusion of all pending post-trial motions, exercise ancillary jurisdiction any unresolved disputes over legal fees. See N.J.S.A. §2A:13-5; Novinger v. E.I. Dupont De Nemours & Co., Inc., 809 F.2d 212 (3rd Cir. 1987).

---

[1] Contrary to defendant's assertion, the fact that this firm may initiate a separate action against plaintiff for legal fees does not preclude us from demonstrating that our interests would be impaired should this Court deny intervention. See Kleissler v. United States Forest Service, 157 F.3d 964 (3rd Cir. 1998).

## CONCLUSION

Based upon the foregoing, it is respectfully requested that this Court grant the application of Antonia Kousoulas and Kousoulas & Associates P.C. to intervene in this action, together with such other and further relief that this Court deems just and proper.

Dated: New York, New York
      July 3, 2006

                                      KOUSOULAS & ASSOCIATES P.C.
                                      41 Madison Avenue, 40th Floor
                                      New York, New York 10010
                                      212-509-2566

                                  By: _____
                                      ANTONIA KOUSOULAS (AK8701)

## DECLARATION OF SERVICE ON ATTORNEY BY MAIL - FEDERAL COURT

I, Antonia Kousoulas, declare, pursuant of 28 U.S.C. §1746, under the penalty of perjury that on July 3, 2006, I served the annexed Reply Memorandum of Law Support of Motion to Intervene upon Samuel J. Halpern, Esq. the attorney for Plaintiff herein, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said attorney at 443 Northfield Avenue, West Orange, New Jersey 07052 being the address designated by said attorney for that purpose.

Executed on: July 3 2006
New York, New York

Antonia Kousoulas & Associates, New York

## DECLARATION OF SERVICE ON ATTORNEY BY MAIL - FEDERAL COURT

I, _Antonia Kousoulas_, declare, pursuant of 28 U.S.C. §1746, under the penalty of perjury that on _July 3, 2006_, 19 ____, I served the annexed _Reply Memorandum of Law_ upon _Howard B. Mankoff, Esq. Marshall Dennehey Warner Coleman & Goggin_ the attorney for _Defendant_ herein, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said attorney at _425 Eagle Rock Avenue, Suite 302, Roseland, New Jersey 07068_ being the address designated by said attorney for that purpose.

Executed on: _JULY 3, 2006_, 19 ____
New York, New York

Antonia Kousoulas & Associates, New York