NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DR. CHANDER KANT, | : | **OPINION AND ORDER** |
| Plaintiff, | : | Civ. No. 00-5204 (WHW) |
| v. | : | |
| SETON HALL UNIVERSITY, | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

After a jury trial in which the jury found in favor of plaintiff Chander Kant on his claim of discriminatory retaliation against his employer, Seton Hall University, this Court awarded statutory attorneys fees pursuant to 42 U.S.C. § 2000e-5(k). A dispute over that fee award between plaintiff and his former attorney, Antonia Kousoulas & Associates, is the subject of this present motion before the Court. Kousoulas & Associates, P.C. ("Kousoulas" or Petitioner), successor in interest to Antonia Kousoulas & Associates, has filed a petition for determination and enforcement of an attorney fee lien pursuant to N.J. Stat. Ann. § 2A:13-5. Kousoulas now moves to dismiss plaintiff's counterclaims to the fee petition on the ground that this Court lacks jurisdiction to hear the counterclaims. In the event that the Court does not grant the motion to dismiss in its entirety, Kousoulas moves to dismiss plaintiff's counterclaim for tortious interference with prospective economic advantage as time-barred and to sever the counterclaims

NOT FOR PUBLICATION

from the fee petition. Pursuant to Fed. R. Civ. P. 78, this motion is decided without oral argument. The motion is denied in part and granted in part.

## FACTS AND PROCEDURAL HISTORY

On October 23, 2000 Plaintiff filed the first of two lawsuits against Seton Hall University ("Seton Hall" or defendant) on October 23, 2000, Kant v. Seton Hall University, No. 00-5204 (D.N.J. Oct. 23, 2000) ("Kant I"). In Kant I, he alleged national origin discrimination and retaliation arising from Seton Hall's denials of his promotion applications and other benefits, such as release time, travel reimbursements, and paid leave. During the pendency of Kant I, plaintiff filed a second lawsuit against defendant charging national origin discrimination and retaliation based in part on the belief that defendant had interfered with his prospective appointment for a permanent faculty position with Columbia University. See Kant v. Seton Hall University, No. 03-6135 (D.N.J. Dec. 23, 2003) ("Kant II"). On January 4, 2008, the Court rejected these allegations as unsupported and dismissed all of plaintiff's claims in Kant II. See Kant II, No. 03-6135, 2008 WL 65129, *17 (D.N.J. Jan. 4, 2008).

Kant I proceeded to trial where the jury found in favor of plaintiff on his claim of discriminatory retaliation. Plaintiff's counsel, Kousoulas timely moved for attorney fees on April 18, 2006. Shortly thereafter, plaintiff dismissed Kousoulas as his counsel. On June 1, 2006, plaintiff's now former counsel moved to intervene to protect its perceived interest in attorney fees, primarily by asserting a statutory lien over potential fees awarded pursuant to Title VII. On July 18, 2006, the Court denied Kousoulas' motion to intervene because under federal legal precedent, an attorney, independent of his client, has no personal right to an award of statutory

NOT FOR PUBLICATION

attorney's fees under 42 U.S.C. § 2000e-5(k). The Court awarded plaintiff a sum of $127,430.36 in attorney's fees and costs. After an unsuccessful appeal, Seton Hall wrote to plaintiff and Kousoulas seeking instructions for the payment of the attorneys' fees. Plaintiff requested that the payment be made directly to him while Kousoulas notified Seton Hall that it claimed a "lien" against the award of fees and costs. Because of the conflicting claims to the fee award, Seton Hall moved for an Order permitting it to deposit the money with the Clerk of this Court and end its involvement in this matter. Kousoulas cross-moved for an Order requiring Seton Hall to pay the attorney fees to her firm. On December 3, 2008, the Court denied these motions in part because Kousoulas had not, at that time, perfected the attorney fee lien. Kousoulas did so on December 11, 2008 by filing a fee petition for determination and enforcement of the attorney fee lien in this Court. Kousoulas now moves to dismiss plaintiff's counterclaim to the fee petition.

## DISCUSSION

Kousoulas first contends that this Court lacks jurisdiction over plaintiff's counterclaims because a counterclaim is not a proper pleading in response to a fee petition. Kousoulas' argument has no merit as New Jersey's Attorney's Lien Act provides that a fee petition "should ... proceed as a plenary suit." N.J. Stat. Ann. § 2A:13-5; see also Martin v. Martin, 335 N.J. Super. 212, 225, 762 A.2d 246 (App. Div. 2000). A plenary suit is a complete and formal trial on the merits as distinguished from a summary hearing. See May v. Henderson, 268 U.S. 111, 115, 45 S. Ct. 456 (1925). There is no authority cited by Kousoulas or that this Court is aware of that will preclude plaintiff from pursuing his counterclaims. Accordingly, the motion to dismiss the counterclaims on this basis is denied.

**NOT FOR PUBLICATION**

Kousoulas next argues that plaintiff's counterclaim for tortious interference is time-barred because under this forum's choice of law rules, New York law applies to a claim for tortious interference and plaintiff's claim was filed beyond the three year statute of limitations. The allegations grounding plaintiff's counterclaim are these: In January 2001, plaintiff was appointed a visiting scholar at Columbia's Economic Department for one year. (Pl's Answer and Counterclaim to Fee Petition, ¶ 38.) In Spring 2002, the senior faculty at Columbia's Economic Department voted to hire him. (Id.) In May 2002, plaintiff informed his attorney at that time, Ms. Kousoulas, that he was likely to receive a full-time faculty appointment at Columbia, and that she was the only person Plaintiff advised of his likely appointment. (Id. ¶ 39.) Within a week of his conversation with Ms. Kousoulas, the Chairman of Columbia's Economics Department wrote a letter to plaintiff advising him that he had not been selected for the position at Columbia. (Id.) Based on this "circumstantial linkage" between Kant informing Ms. Kousoulas of his likely appointment at Columbia and Columbia's rejection of his application for permanent position, Kant asserts that Kousoulas is liable to him for tortious interference with prospective economic advantage.

The Court need not conduct a choice of law analysis because it finds that Kant's claim is time-barred regardless of which law, New Jersey's or New York's, applies. A claim accrues when plaintiff knows or should have known, of facts which establish that an injury has occurred, and that fault for that injury can be attributed to another." Baer v. Chase, 392 F.3d 609, 622 (3d Cir. 2004). The only allegation on which plaintiff bases his claim is the temporal proximity between his communication to Ms. Kousoulas and Columbia's rejection of his application.

**NOT FOR PUBLICATION**

Plaintiff was aware of these facts when he received the letter rejecting his application. That plaintiff initially blamed Seton Hall for the rejection and only realized that his former counsel must be culpable upon this Court's ruling in January 2008 is of no moment. The discovery rule, which stays the accrual of a claim until a plaintiff learns of the facts giving rise to a claim, is applied objectively. The relevant inquiry is not when plaintiff subjectively came to believe that another is responsible for the injury but rather when he <u>knows or should have known</u> of facts which establish that an injury has occurred and that the fault can be attributed to another. <u>See</u> <u>Baer</u>, 392 F.3d at 620 (emphasis added). The facts grounding Kant's claim was known to him in or about May 2002 when he received the letter rejecting his application one week after he informed his counsel of his likely appointment. In other words, plaintiff's claim accrued in or about May 2002. His counterclaim having been asserted in January 2009 is, therefore, time-barred even under New Jersey's six-year statute of limitations. The motion to dismiss plaintiff's tortious interference counterclaim is granted.

      Finally, Kousoulas moves to sever plaintiff's counterclaims from the fee petition. To the extent that the fee petition concerns mainly an issue of contract interpretation, that is an issue of law which the Court will decide before the matter proceeds to trial if factual disputes necessitate one. In that event, there are no significant efficiencies to be gained by severing the trial of the counterclaim from that of the fee petition. The motion to sever is denied.

**NOT FOR PUBLICATION**

## CONCLUSION

For the stated reasons, the motion to dismiss the counterclaims for lack of jurisdiction is denied; the motion to sever is also denied.  The motion to dismiss the counterclaim for tortious interference is granted.

IT IS on this 30th day of March, 2009:

SO ORDERED.

s/ William H. Walls<br>United States Senior District Judge

**Appearances:**

Dr. Chander Kant

    Plaintiff/Respondent, Pro Se

Elliott Abrutyn, Esq.
Joshua A. Heines, Esq.
Morgan Melhuish Abrutyn
651 W. Mt. Pleasant Avenue, Suite 200
Livingston, NJ 07039

    Attorneys for Petitioner, Kousoulas & Associates, P.C.