NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHANDER KANT, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 00-05204 (DMC) |
| SETON HALL UNIVERSITY, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Petitioner Kousoulas & Associates, P.C. ("Petitioner") to dismiss Plaintiff/Respondent Chander Kant's ("Kant") Counterclaim for malpractice pursuant to N.J.S.A. 2A:53A-27 and for summary judgment of Petitioner's petition to enforce its N.J.S.A. 2A:13-5 attorney's fees lien pursuant to Fed. R. Civ. P. 56(c); and upon motion by Kant for default judgment. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's motions to dismiss Kant's malpractice Counterclaim pursuant to N.J.S.A. 2A:53A-27 and for summary judgment of Petitioner's N.J.S.A. 2A:13-5 attorney's fee lien petition pursuant to Fed. R. Civ. P. 56(c) are **granted**; and Kant's motion for default is **denied** as moot.

I.  Background[1]

    A.  Factual Background

This case arises out of Antonia Kousoulas's ("Kousoulas"), of the law firm Kousoulas &

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective papers.

Associates, PC, representation of Kant in an employment discrimination suit against Defendant Seton Hall University ("Seton Hall"). On February 23, 2001, Kant and Petitioner then called Antonia Kousoulas & Associates entered into a written retainer agreement (the "Retainer Agreement") wherein the Petitioner agreed to provide legal services to Kant with respect to Kant's employment discrimination claims against Seton Hall. The Retainer Agreement provided that Kant was to pay $250.00 per hour for a maximum of 60 hours or $15,000.00. In addition, Kant was to pay the greater of either 20% of monies paid to Kant should his claims prevail or the case settles, or any legal fees awarded by the Court. The Retainer further provided that fees awarded by the Court or received pursuant to a settlement agreement will be credited against the contingency fee.

  The Kant v. Seton Hall trial concluded with a verdict of $80,000 in favor of Kant on April 11, 2006. Thereafter, Kant and Petitioner filed an application for fees and costs in the amount of $140, 052.75. The Court heard argument on July 10, 2006. Kant was represented by counsel, Samuel Halpern, Esq., who requested a reduction in the amount to be awarded but stated that Kant otherwise did not object to the fee application. On July 18, 2006, the Court issued an Opinion and Order awarding counsel fees in the amount of $124,834.95 and costs in the amount of $2,595.41. The amount awarded is less than the requested amount to reflect the fact that some of Kant's claims had been dismissed after a motion for summary judgment. Kant reimbursed Petitioner for all costs up front so Petitioner does not seek to recover the amount awarded for costs. Petitioner also recognizes that the retainer fee of $15,000.00 is to be deducted from the award. Therefore, the amount that Petitioner seeks to recover is $119, 834.95 plus interest.

  In an effort to collect the fees owed, Petitioner filed a petition to enforce its attorney's

fees lien. Kant filed an Answer and Counterclaim alleging legal malpractice and tortious interference with prospective economic advantage claims. The Court dismissed Kant's tortious interference claim as it was time barred by the applicable statute of limitations.

II. **Discussion**

    **A.** **Petitioner's Motion to Dismiss Kant's Legal Malpractice Claim**

Petitioner correctly argues that an Affidavit of Merit must be filed within 120 days of filing a legal malpractice claim. N.J.S.A. 2A:53A-27. A federal court sitting in diversity must apply state substantive law and federal procedural law. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). It is well established that the New Jersey Affidavit of Merit statute, N.J.S.A. 2A:53A-27, is substantive state law that must be applied by federal courts sitting in diversity. Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000). Pursuant to the Affidavit of Merit Statute, when bringing a claim against a licensed professional for negligence in his or her profession, "an appropriate licensed person must submit an affidavit attesting to the suit's merit." Borough of Berlin v. Remignton & Vernick Engineers, 337 N.J. Super. 590, 595 (App. Div.), certif. denied, 168 N.J. 295 (2001). The Affidavit of Merit Statute provides that an Affidavit of Merit must be filed "within 60 days following the date of filing of the answer to the complaint by the defendant." A plaintiff may move for an extension of time, not to exceed 60 days. N.J.S.A. 2A:53A-27. "If a plaintiff fails to file the affidavit within 120 days [the] complaint will be dismissed with prejudice unless extraordinary circumstances prevent the filing." Palanque v. Lambert-Woolley, 168 N.J. 398, 404 (2001). A *pro se* litigant's failure to file an affidavit of merit within the proper time period following the filing of an Answer does not constitute extraordinary circumstances. Taylor v. Plousis, 101 F. Supp. 2d 255, 270 (D.N.J. 2000).

Moreover, "ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline." Id. (citing Hyman Zamft and Manard v. Cornell, 309 N.J. Super. 586, 593 (App. Div. 1998).

Here, Petitioner claims that Kant had until June 16, 2009, to serve an Affidavit of Merit. Using the date Petitioner filed its Amended Answer to the Counterclaim, April 7, 2009, Kant was required to file an Affidavit of Merit by August 5, 2009. Because Kant has failed to timely file an Affidavit of Merit his Counterclaim is **dismissed** with prejudice.

### B. Petitioner's Motion for Summary Judgment regarding Fees

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "This burden has two distinct components: an initial burden of production, which shifts to the non-moving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Id. at 322; see also Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all

reasonable inferences – including on issues of credibility – in favor of the non-moving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp. 2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (3d. Cir. 1980)).

Petitioner argues that the Retainer Agreement is a contract, which provides that fees awarded are to be paid to Petitioner and should be enforced as any contract would be. Delta Funding Corp. v. Harris, 189 N.J. 28, 38 (2006). Petitioner further argues that Kant acknowledged the value of the legal services provided and that the fees awarded are to be paid to Petitioner.

As preliminary matter, Petitioner is correct that Kant is collaterally estopped from objection to the amount of fees paid. Collateral estoppel applies, if four factors are satisfied: 1) the same issue was previously adjudicated; 2) the issue was actually litigated; 3) the determination was necessary to the decision; and 4) the party precluded from relitigating the issue was fully represented in the prior action. Peloro v. United States, 488 F.3d 163, 175 (3d Cir. 2007).

Here, the fee amount issue was litigated and the Court considered Kant's argument that the fee should be reduced. By Opinion and Order dated July 18, 2006, the Court agreed with Kant and awarded fees reduced from the amount requested. Kant was represented by counsel and the Court made a determination of what amount of fees was appropriate. Accordingly, Kant is estopped from objecting to the amount of fees awarded.

Kant argues that Petitioner committed malpractice and does not deserve the fees awarded. Given that the Court has dismissed Kant's malpractice claim, this argument is no

longer viable. Kant further seeks to have the fees awarded paid to him. Petitioner asserts that it was made clear to Kant that the fees awarded are to be paid to his attorney for legal services rendered and that he could not keep the fees for himself. It is well settled that a *pro se* plaintiff cannot obtain a fee award for representing him or herself. Kay v. Ehnler, 461 U.S. 424, 433 n.7 (1983). Based on this settled proposition, it is axiomatic that a person who was represented by counsel cannot try and obtain a fee award for him or herself.

The facts of record establish that Petitioner has rendered legal services to Kant pursuant to the Retainer Agreement. As a result of these services, Kant obtained a damages award of $80,000.00. Additionally, Kant and Petitioner filed a fee application and the Court granted said application. The facts presented establish that Kant agreed to turn over any fees awarded by the Court to Petitioner. The fees are to be paid by Seton Hall University and, therefore, there is no loss incurred by Kant. Kant has provided neither legal authority nor facts to support his position that he does not have to turn over the fees awarded to Petitioner. Therefore, Petitioner's motion for summary judgment is **granted**.

V. <u>Conclusion</u>

For the reasons stated, Petitioner's motions to dismiss Kant's malpractice claim and for summary judgment of its petition to enforce its attorney's fees lien are **granted**; Kant's motion for default judgment is **denied** as moot. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: September 8, 2009
Orig.: Clerk
cc: All Counsel of Record
Hon. Mark Falk, U.S.M.J.
File

6