NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chandler Kant, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 00-CV-5204 (DMC) |
| Seton Hall University, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Chandler Kant ("Plaintiff") to strike the appearance of his attorney, and to impose sanctions for failing to file a substitution of attorney form. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, Plaintiff's motion is **denied**.

**I.    BACKGROUND**

This matter arises out of a case between Plaintiff and Seton Hall University ("Defendant"). Plaintiff was represented in the initial case by Antonia Kousoulas of Rabner, Allcorn, Baumgart & Ben-Asher, PC. Plaintiff prevailed in the action. After the judgment in Plaintiff's favor, on April 25, 2006, he terminated Ms. Kousoulas. Plaintiff sent Ms. Kousoulas a substitution of attorney form, notified the Court and proceeded with this action *pro se*. Although Ms. Kousoulas never filed the substitution of attorney form it was made clear to the Court that Plaintiff was proceeding on his own behalf.

Plaintiff later hired another attorney, Mr. Halpern, who entered his appearance on the record on June 29, 2006. Plaintiff then terminated the services of Mr. Halpern and again chose to proceed with the action *pro se.*

Plaintiff subsequently filed a letter asking this Court to render a decision on his April 25, 2006 motion to strike the appearance of Ms. Kousoulas and to sanction Ms. Kousoulas for failing to file a substitution of attorney form.

## II.  APPLICABLE LAW

A client may discharge his or her attorney at any time with or without cause. Pellettieri, Rabstein & Altman v. Protopapas, 383 N.J.Super. 142, 152 (App. Div. 2006). At such time, the attorney must withdraw from the case. Siss v. County of Passaic, 75 F. Supp. 2d 325, 1999 U.S. Dist. LEXIS 20772 (D.N.J. 1999) (noting that attorneys have an ethical obligation to "withdraw from the representation of a client … if … discharged."). Often, notice of discharge is effectuated through the filing of a formal substitution of attorney form with the court. Where a plaintiff chooses to proceed *pro se*, a substitution of attorney form is unnecessary. Greig v. Macy's Northeast, 1997 U.S. Dist. LEXIS 22841 (D.N.J. Nov. 17, 1997).[1]

## III.  DISCUSSION

Plaintiff discharged his attorney Ms. Kousoulas on April 25, 2006 and proceeded with the action *pro se.* Between April 26, 2006 and May 29, 2006, the Court accepted papers filed by

---

[1] Even where a plaintiff does not proceed *pro se*, a failure to file a formal substitution can be excused when the authority of a new attorney has been recognized by all those concerned and the new attorney has been allowed to appear in court without objection. In re Goldstein, 43 F.2d 698, 699 (2d. Cir. N.Y. 1930); Wilhelm v. South Indian River Co., 98 Fla. 970, 976 (Fla. 1929); Beaida v. Workmen's Compensation Appeals Bd., 263 Cal. App. 2d 204, 210 (Cal. App. 3d Dist. 1968); Barry v. Ashley Anderson, P.C., 718 F. Supp. 1492, 1494 (D. Colo., 1989).

Plaintiff that explicitly stated that he was proceeding *pro se*. At a court hearing on May 22, 2006–the first hearing after Plaintiff discharged his attorney–Plaintiff was recorded as appearing *pro se*. Furthermore, Ms. Kousoulas sought to intervene in the action on May 31, 2006, and in doing so she explicitly stated that she was Plaintiff's <u>former</u> attorney. In short, there was ample notice to the Court and all parties that Ms. Kousoulas was not acting as Plaintiff's counsel, and that Plaintiff unambiguously chose to proceed *pro se*. Filing a substitution of attorney form was, accordingly, not necessary. <u>See</u> <u>Greig v. Macy's Northeast</u>, 1997 U.S. Dist. LEXIS 22841 at *2 n.1 (D.N.J. Nov. 17, 1997) ("[Plaintiff] has already entered an appearance pro se in this case rendering a Substitution of Attorney unnecessary"). Plaintiff's motion to strike the appearance of Ms. Kousoulas is, therefore, moot.

In light of the above discussion, Plaintiff's contention that this Court should sanction Ms. Kousoulas for failing to file a substitution of attorney form is entirely without merit.

**IV.**     <u>CONCLUSION</u>

For the reasons stated, it is the finding of the Court that Plaintiff's motion is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:     November  12 , 2009  
Orig.:    Clerk  
cc:       All Counsel of Record  
        Hon. Mark Falk, U.S.M.J.  
        File