NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHANDER KANT | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **OPINION** |
| SETON HALL UNIVERSITY, | : | Civil Action No. 00-CV-5204 (DMC) |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Chander Kant ("Plaintiff") to hold a non-party witness, George Tzannetakis ("Mr. Tzannetakis"), in contempt. After carefully considering Plaintiff's submission, and for the reasons discussed below, Plaintiff's motion is **denied**.

### I. BACKGROUND

This case arises out of Antonia Kousoulas's ("Kousoulas"), representation of Plaintiff in an employment discrimination suit against Seton Hall University ("Seton Hall"). The Kant v. Seton Hall trial concluded with a verdict of $80,000 in favor of Plaintiff on April 11, 2006. Thereafter, Kousoulas filed an application for fees and costs. On July 18, 2006, the Court issued an Opinion and Order awarding counsel fees in the amount of $124,834.95 and costs in the amount of $2,595.41.

To collect the legal fees, Kousoulas filed a petition to enforce her attorney's fees lien. Plaintiff filed an Answer and Counterclaim alleging legal malpractice, in an effort to contest payment of the fees to his trial counsel. Kousoulas moved for summary judgment on her attorney's fees petition, and moved to dismiss Plaintiff's malpractice counterclaim. The Court granted both motions

on September 9, 2009.

During the course of the post-trial dispute over the payment of attorney's fees, Plaintiff, through the Clerk's office, subpoenaed Mr. Tzannetakis for deposition and document production pertaining to any and all matters relating to Antonia Kousoulas. Mr. Tzannetakis contacted the Clerk's office to explain that he had a disability that prevented him from driving.[1] His correspondence with the Clerk's office was dated August 23–a day before the scheduled deposition. Mr. Tzannetakis subsequently mailed a letter memorializing his correspondence with the supervising clerk to Plaintiff. Unfortunately, Plaintiff did not learn of Mr. Tzannetakis' difficulty in getting to the deposition until after the appearance date. Plaintiff waited for the witness and paid a court reporter appearance fee. On May 1, 2009, Plaintiff filed this motion to hold Mr. Tzannetakis in contempt of court.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 45(e) provides for the imposition of sanctions against a witness for failure to comply with a subpoena duces tecum when a witness "having been served, fails without adequate excuse to obey the subpoena." Before sanctions can be imposed under Fed. Rule Civ. P. 45(e), there must be a court order compelling discovery. Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994); see also, Brittingham v. City of Camden, 2008 U.S. Dist. LEXIS 51285 (D.N.J. July 2, 2008); Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). A subpoena obtainable from the Clerk of the Court, or issued by an attorney without any court involvement, is not of the same order as one issued by a judicial officer in the resolution of a specific dispute. Waste Conversion, Inc. v. Rollins Envtl. Servs. (N.J.), Inc., 893 F.2d 605, 608 (3d Cir.

---

[1] The subpoena contained a check for travel expenses. See Plaintiff's Brief, at 2. The cost of a car service, however, was significantly more than the value of the travel expense check. Id.

1990) (en banc). Where there is no involvement of a court (e.g., an order to compel), sanctions are not available under Rule 45(e). See Pennwalt Corp., 708 F.2d at 494 (discussing subsection (f), which is now contained in subsection (e)); Cruz, 159 F.R.D. at 368; WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 2465.

While a district court may impose sanctions on a non-party pursuant to its "inherent powers" when an order has been violated, such a drastic remedy is only proper upon a showing of bad faith. Pennwalt Corp., 708 F.2d at 494; Cruz, 159 F.R.D. at 368; see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980). The Court's sanction power is discretionary and should be exercised with caution; where there is ground to doubt the wrongfulness of the individual's conduct, he should not be held subject to sanction. See Littlejohn v. Bic Corp., 851 F.2d 673, 686 (3d Cir. 1988); Quinter v. Volkswagon of America, 676 F. 2d 969, 974 (3d Cir. 1982).

### III. DISCUSSION

The subpoena duces tecum served upon Mr. Tzannetakis (a non-party witness) was not issued by a judicial officer in the resolution of a specific dispute, but rather filed by the Plaintiff in the Clerk's office. Therefore, as Plaintiff did not file a motion with the Court to order compliance, sanctions under Rule 45(e) are inappropriate. See Brittingham, 2008 U.S. Dist. LEXIS 51285, at *3-4; Pennwalt, 708 F.2d at 494 (9th Cir. 1983); Cruz, 159 F.R.D. at 368 (D. Conn. 1994).

Moreover, while the Court may exercise its inherent power to impose sanctions on a non-party in a case where a court order has been violated, it is not proper to do so in the absence of a finding of bad faith. Cruz v. Meachum, 159 F.R.D. 366 at 368; see Littlejohn, 851 F.2d at 686; Quinter, 676 F. 2d at 974. There is no indication of bad faith on the part of Mr. Tzannetakis.

Although the subpoena did not contain contact information for the issuing clerk, Mr. Tzannetakis nonetheless took the initiative to notify the office of the Clerk of Court that he could not attend. Specifically, he had a disability which prevented him from driving. Mr. Tzannetakis also inquired into the cost of hiring a car service to provide transportation. The cost of the car

service was significantly more than the transportation expenses check provided by Plaintiff. Plaintiff argues that Mr. Tzannetakis' communications regarding his inability to attend the deposition were not provided in a timely manner. Perhaps it would have been ideal for the witness to provide more notice, however, his actions certainly do not indicate bad faith. Under these circumstances, it would be inappropriate to impose sanctions on Mr. Tzannetakis.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion to hold Mr. Tzannetakis in contempt of Court is denied. An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   December  14 , 2009
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File