NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHANDER KANT, | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| SETON HALL UNIVERSITY, | Civil Action No. 00-05204 (DMC) |
| Defendant. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Plaintiff Chander Kant ("Kant"), asking this Court to reconsider its September 8, 2009 Opinion, pursuant to L. Civ. R. 7.1(i), and motion of Antonia Kousoulas' ("Kousoulas") for release of funds.[1]  After carefully considering the parties' submissions, and based on the following, Kant's motion for reconsideration is **denied** and Kousoulas' motion for release of funds is **granted**.

## I. B<span style="font-variant:small-caps">ackground</span>

This case arises out of Kousoulas' representation of Kant in an employment discrimination suit against Seton Hall University ("Seton Hall").  The <u>Kant v. Seton Hall</u> trial concluded with a verdict of $80,000 in favor of Plaintiff on April 11, 2006.  Thereafter, Kousoulas filed an application for fees and costs.  On July 18, 2006, the Court issued an Opinion and Order awarding counsel fees

---

[1] Kant also filed a cross-motion for release of funds with the Court.  As Kousoulas' motion has been granted, Kant's cross-motion has been denied.

in the amount of $124,834.95 and costs in the amount of $2,595.41.

To collect the legal fees, Kousoulas filed a petition to enforce her attorney's fees lien. Kant filed an Answer and Counterclaim alleging legal malpractice, in an effort to contest payment of the certain fees to his trial counsel. Kousoulas moved for summary judgment on her attorney's fees petition, and moved to dismiss Plaintiff's malpractice counterclaim. The Court granted both motions on September 9, 2009.

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by L. Civ. R. 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion for reconsideration may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). As a motion for reconsideration is not an appeal, it is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III. DISCUSSION

Plaintiff has not demonstrated, or even argued, that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3)

reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Accordingly, Plaintiff's motion for reconsideration is denied.

Plaintiff's motion for reconsideration, in essence, consists of assertions that the Court overlooked facts related to the proper distribution of funds in this matter—specifically, the portion of attorney's fees, costs and interest that must be distributed in this case. The fund distribution figures are addressed in an Order accompanying this Opinion, wherein the Court has assigned the proper distribution of the funds held by the Clerk of Court in this matter.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **denied** and Kousoulas' motion for release of funds is **granted**. An appropriate Order accompanies this Opinion.

                                           S/ Dennis M. Cavanaugh
                                           Dennis M. Cavanaugh, U.S.D.J.

Date:          March   30  , 2010
Original:     Clerk's Office
cc:            All Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                   File